**ANS**
Howard C. Kim, Esq.
Nevada Bar No. 10386
howard@hkimlaw.com
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
jackie@hkimlaw.com
Howard Kim & Associates
400 N. Stephanie St, Suite 160
Henderson, Nevada  89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON BURNS as Next Friend to LDT a Minor Child, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAHARA HOPSITALITY, LLC, a Nevada Limited Liability Company, dba Holiday Inn Express, 8669 WEST SAHARA AVE., LAS VEGAS, NV 89117,<br><br>Defendant. | CASE NO.  2:10-CV-01255-GMN-(LRL)<br><br>Honorable Gloria M. Navarro |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## JURY DEMAND

Defendant Sahara Hospitality, llc, dba Holiday Inn Express, by and through its attorneys, Howard C. Kim & Associates, submits its Answer and Affirmative Defenses to the Complaint on file herein, and admits, denies, and alleges as follows:

Except as hereafter expressly admitted, defendant denies each and every allegation set for in Plaintiff's complaint.

Defendant answers in paragraphs numbered to correspond to the paragraph

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

numbers in said Complaint:

No response is required to the allegations in the introduction, which are the Plaintiff's characterization of her claims but, to the extent a response is necessary, defendant denies the allegations in the paragraph and denies any unlawful conduct.

### JURISDICTION AND PARTIES

1.    Defendant admits that Plaintiff purports to bring such claims alleged in Paragraph 1 and that this Court has jurisdiction to consider properly filed claims brought under the ADA, but denies any wrongful conduct.

2.    Defendant admits that venue is proper in this Court but lacks sufficient information to form a belief as to the truth or falsity of and, therefore, denies the remainder of the allegations in Paragraph 2.

3.    Paragraph 3 states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein.

4.    Defendant admits that it has a facility known as The Holiday Inn Express , located at 8669 West Sahara Ave., Las Vegas, Nevada 89117, but denies any wrongful conduct and lacks sufficient information to form a belief as to the truth or falsity of and, therefore, denies the remainder of the allegations contained therein.

5.    Defendant lacks sufficient information to form a belief as to the truth or falsity of and, therefore, denies the allegations in Paragraph 5.

6.    Paragraph 6 states a conclusion of law to which no response is necessary as to compliance with the ADA, but to the extent a response is required, defendant denies the allegations contained therein.  Defendant lacks sufficient information to form a belief as to the truth or falsity of and, therefore, denies the remainder of the allegations in Paragraph 6.

7.    Defendant admits the allegations in Paragraph 7.

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST., SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 2 -

8.     Defendant denies the allegations in Paragraph 8.

9.     Defendant admits the allegations in Paragraph 9.

10.     Paragraph 10 states conclusions of law to which no response is necessary.  To the extent a response is required, defendant admits that it owns, operates, leases, or leases to Holiday Inn Express Hotel, located at 8669 West Sahara Ave, Las Vegas, Nevada 89117, and that the Holiday Inn Express Hotel is a place of public accommodation under the ADA, but denies that these allegations represent a true and complete recitation of the Act's provisions and deny any unlawful derivative conduct.

11.     Defendant admits the premises are located in the State of Nevada and that it does business in the State of Nevada, but defendant lacks sufficient information to form a belief as to the truth or falsity of, and therefore, denies the remainder of the allegations in Paragraph 11.

12.     Defendant admits that jurisdiction is proper in this Court and that this Court has supplemental jurisdiction over Plaintiff's state law claims, but denies any allegations of wrongdoing contained in Paragraph 12.

## COUNT I

### VIOLATIONS OF THE ADA

Defendant incorporates answers to paragraphs 1 through 12 as though fully set forth herein.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14 represent the 1990 version of 42 U.S.C. § 12101(a)(1)-(3), (5) and (9), but denies the allegations as stated, and deny any wrongful derivative conduct.

15.     Defendant admits the allegations in Paragraph 15 represent the 1990 version of 42 U.S.C. § 12101(b)(1), (2) and (4), but denies any wrongful derivative conduct.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

16.     Paragraph 16 states a conclusion of law to which no response is necessary.  To the extent a response is required, defendant admits that the Property is a place of public accommodation that provides lodging and other services to the public, but denies that these allegations represent a true and complete recitation of the Act's provisions and deny any unlawful derivative conduct.  Defendant denies the remainder of the allegations in Paragraph 16.

17.     Paragraph 17 states a conclusion of law to which no response is necessary.  To the extent a response is required, defendant admits the building and/or subject facility is a public accommodation covered by the ADA, but denies that these allegations represent a true and complete recitation of the Act's provisions and denies any unlawful derivative conduct.

18.     Defendant admits the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19, and denies any unlawful conduct.

20.     Defendant lacks sufficient information to form a belief as to the truth or falsity of and, therefore, denies the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21, and denies any unlawful conduct.

22.     Paragraph 22 states conclusions of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein.

23.     Paragraph 23 states conclusions of law to which no response is necessary, but to the extent a response is required, Defendant denies the allegations contained therein, except to refer to the statutory language referenced therein which speaks for itself.

24.     Paragraph 24 states conclusions of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

### A.     Parking

1.     Subparagraph A(1) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

2.     Subparagraph A(2) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

3.     Subparagraph A(3) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

4.     Subparagraph A(4) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

5.     Subparagraph A(5) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

6.     Subparagraph A(6) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

### B.     Entrance Access and Path of Travel

1.     Subparagraph B(1) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

2. Subparagraph B(2) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

3. Subparagraph B(3) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

4. Subparagraph B(4) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

5. Subparagraph B(5) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

6. Subparagraph B(6) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**C.** **Access to Goods and Services**

1. Subparagraph C(1) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

2. Subparagraph C(2) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

3. Subparagraph C(3) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

4.      Subparagraph C(4) states a conclusions of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**D.      Accessible Guest Rooms**

1.      Subparagraph D(1) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

2.      Subparagraph D(2) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

3.      Subparagraph D(3) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

4.      Subparagraph D(4) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

5.      Subparagraph D(5) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

6.      Subparagraph D(6) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

7.      Subparagraph D(7) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

8. Subparagraph D(8) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

9. Subparagraph D(9) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

10. Subparagraph D(10) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

**E. Elevators**

1. Subparagraph E(1) states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

25. Paragraph 25 states conclusions of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein, except to refer to the cited case law referenced therein which, without added emphasis, speaks for itself.

26. No response is required to the allegations in Paragraph 26, which are the Plaintiff's characterization of her claims but, to the extent a response is necessary, defendant denies the allegations in the paragraph and denies any unlawful conduct.

27. No response is required to the allegations in Paragraph 27, which are the Plaintiff's characterization of her claims but, to the extent a response is necessary, defendant denies the allegations in the paragraph and denies any unlawful conduct.

28. Paragraph 28 states a conclusion of law as to attorney fees, costs and litigation expenses, to which no response is necessary, but to the extent a response

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST.  SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

is required, defendant denies the allegations contained therein, except to refer to the statutory language referenced therein which speaks for itself, and denies the remainder of the allegations in Paragraph 28.

29.     Paragraph 29 states conclusions of law to which no response is necessary, but to the extent a response is required, Defendant admits that the Act makes requirements regarding removal of architectural barriers, but denies the allegations contained therein, except to refer to the statutory sections referenced therein which speak for themselves.

30.     Paragraph 30 states conclusions of law to which no response is necessary but, to the extent a response is required, denies the allegations contained therein.

31.     Paragraph 31 states conclusions of law to which no response is necessary, but to the extent a response is required, defendant admits this Court has the authority to enforce the ADA but denies the allegations contained therein and denies any unlawful conduct.

32.     Defendant admits the subject property was built sometime after January 28, 1992, but as to the remainder of Paragraph 32, defendant denies the allegations contained therein and denies any unlawful conduct.

33.     Paragraph 33 states a conclusions of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein and denies any unlawful conduct.

34.     Defendant denies the allegations in Paragraph 34 and denies any unlawful conduct.

35.     Defendant denies the allegations in Paragraph 34 and denies any unlawful conduct.

36.     Paragraph 36 states conclusions of law to which no response is necessary, but to the extent a response is required, Defendant admits the ADA

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

requires compliance for places of public accommodation, but denies that these allegations represent a true and complete recitation of the Act's provisions and denies any unlawful derivative conduct.  Furthermore, defendant denies the remainder of the allegations contained in Paragraph 36 and denies the allegations contained therein.

37.    Defendant denies that Plaintiff has been obligated to retain counsel. The remainder of Paragraph 37 states a conclusion of law to which no response is necessary but, to the extent a response is require, defendant denies the allegations contained therein and denies any unlawful conduct.

38.    Paragraph 38 states conclusions of law to which no response is necessary but, to the extent a response is required, Defendant admits this Court has authority to grant relief for properly proved claims under the ADA but denies the remainder of the allegations contained therein and denies any unlawful conduct.

## COUNT II
### VIOLATION OF THE NEVADA LAW AGAINST DISCRIMINATION—NEVADA ADA
### (VIOLATION OF NEVADA REVISED STATUTES 651.070 ET SEQ.)

39.    Defendant incorporates answers to paragraphs 1 through 38 as though fully set forth herein.

40.    Defendant admits that 28 U.S.C. § 1367 grants this Court pendant and supplemental jurisdiction, but denies any wrongful conduct.

41.    Defendant denies the allegations in Paragraph 41 and denies any unlawful conduct.

42.    Paragraph 42 states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein, except for the statutory language referenced therein which speaks for itself.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST.  SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

43. Paragraph 43 states a conclusion of law to which no response is necessary, but to the extent a response is required, defendant denies the allegations contained therein.

44. Defendant admits it was and is required to comply with federal and state laws, but denies any wrongful derivative conduct.

45. Defendant states that Paragraph 45 states conclusions of law to and requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 and denies any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

46. Defendant states that Paragraph 46 states conclusions of law to and requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 and denies any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

47. Defendant states that Paragraph 47 states conclusions of law to and requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 and denies any unlawful conduct or that Plaintiff is entitled to any relief whatsoever.

Defendant states that the remainder of the Complaint consists of conclusions of law and Plaintiff's request for relief to which no response is required. To the extent a response is required, defendant denies the allegations contained therein and that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and each purported cause of action asserted against Defendant fail to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring the causes of action asserted in her complaint and, to the extent she has standing to bring this Complaint, Plaintiff

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST.  SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

lacks standing to challenge any alleged barriers not specifically identified and set forth in the Complaint and/or related to LDT's alleged disability.

3. Plaintiff's claims are barred because the proposed alterations are not readily achievable.

4. If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by Plaintiff or others, and Defendant's proportional liability, if any, should be reduced to the extent thereof.

5. The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities, which Defendant expressly denies exist, are not readily achievable, nor are alternative methods readily achievable, easily accomplished, technically feasible, would create safety hazards, and/or result in an undue burden on Defendant and others.

6. Plaintiff's claims are barred by the doctrines of estoppel and waiver as Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at the Subject Property and Facility. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to the Subject Property and Facility prior to initiating the instant lawsuit.

7. Plaintiff did not intentionally impede or impair access to Plaintiff, and states that to the extent that any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

8. Plaintiff's claims are barred to the extent that she has acted as a tester for the ADAPR, which is a vexatious litigant.

9. Some of the foregoing Affirmative Defenses have been plead for purpose of non-waiver. DEFENDANT has not concluded discovery in this matter and under FRCP 11 specifically reserves the right to amend this Answer to include

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 12 -

additional Affirmative Defenses and Cross-Claims and Counter-Claims if discovery of fact so warrant.

### Conclusion

WHEREFORE, Defendant SAHARA HOSPITALITY, LLC, dba HOLIDAY INN EXPRESS, prays as follows:

1.  That the Plaintiff take nothing by reason of her Complaint;

2.  That the Plaintiff's Complaint be dismissed with prejudice;

3.  That DEFENDANT is awarded his reasonable attorney fees and costs of suit incurred in defense of this action; and

4.  For such other further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this 22nd day of October, 2010.

HOWARD KIM & ASSOCIATES

/s/ Howard C. Kim
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
400 N. Stephanie Street, Suite 160
Henderson, NV 89014

*Attorneys for Defendant*
*SAHARA HOSPITALITY, LLC,*
*dba HOLIDAY INN EXPRESS*

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 13 -

## CERTIFICATE OF SERVICE

I, Jacqueline A. Gilbert, hereby certify that I electronically filed a copy of defendant's "Answer" to all counsel of record via the CM/ECF system on October 22, 2010, with a hard copy to be served on plaintiff's counsel via U.S. Mail delivery, postage prepaid:

David J. Otto, Attorney
DAVID OTTO & AFFILIATES, PC
2300 W. Sahara Ave., Suite 800
Las Vegas, Nevada 89102

*Attorneys for Plaintiff*

Dated this 22nd day of October, 2010

HOWARD KIM & ASSOCIATES

/s/ Jacqueline A. Gilbert
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
400 N. Stephanie Street, Suite 160
Henderson, NV  89014

*Attorneys for Defendant*
*SAHARA HOSPITALITY, LLC,*
*dba HOLIDAY INN EXPRESS*

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301